UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL SHAWN ELDER | ) | CASE NO.: 18-11222(1)(7) |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Set Aside Order Granting Motion to Redeem filed by Creditor Ally Bank ("Ally"). The Court considered the Motion of Ally, the Response to the Motion to Set Aside Order filed by Debtor Michael Shawn Elder ("Debtor") and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Motion of Ally and set aside the Order dated February 14, 2019, granting Debtor's Motion to Redeem.

## LEGAL ANALYSIS

On January 30, 2019, Debtor filed a Motion to Redeem a 2009 Chevy Silverado with Ally for $10,000 pursuant to 11 U.S.C. § 722. Debtor stated in the Motion that he had no appraisal on the vehicle but believed the fair market value to be $10,000. The Motion was served on Ally at: Ally Financial, P. O. Box 8133, Cockeysville, MD 21030. Ally did not respond to the Motion to Redeem and on February 14, 2019, the Court entered an Order granting the Debtor's Motion to Redeem.

On March 8, 2019, Ally filed its Motion to Set Aside Order Granting Motion to Redeem. Ally stated that Debtor listed Ally in the Debtor's Petition and the List of Creditors on PACER with an address of 200 Renaissance Court, Detroit, MI 48243. Ally states it received no notice of the

Debtor's Motion to Redeem until it received a copy of the Order granting the Motion to Redeem, which was served on it at the 200 Renaissance Court address.

Ally contends the amount currently owed on the secured debt is $26,903.88 and the current retail value of the vehicle is $28,875.  In support of its Motion to Set Aside the Order, Ally provided proof of the vehicle's value based on the NADA value for vehicles of similar type and condition as Debtor's vehicle.  Debtor contends that he served the Motion to Redeem on Ally at the Cockeysville address which was set forth on the vehicle's Certificate of Title.  Debtor also stated that his attorney and Ally Bank discussed the Order and that the Debtor was discussing the redemption with his attorney.  Based on this, Debtor contends Ally received the Order granting the Motion shortly after it was entered but waited 22 days after entry of the Order to move to set it aside.

The Court in *In re Crooks*, 2004 WL 2827248 (Bankr. C.D. Ill. 2004), faced a similar factual scenario and set aside an order granting a motion to redeem where the motion was served on creditor at the wrong address.  The court there stated that a bankruptcy court has always had the power to reconsider its own orders, citing, *In re Burgess*, 138 B.R. 56 (Bankr. W.D. Wis. 1991).  That power is now defined in Fed. R. Civ. P. 60(b), made applicable to bankruptcy proceedings by Bankr. R. Civ. P. 9024, and may be exercised *sua sponte*, if necessary.  Reconsideration under Rule 60(b) must occur within a reasonable time and should be exercised only in the presence of extraordinary circumstances creating a substantial danger of an unjust result.  *Id.*

Here, the Debtor listed Ally's address in its Petition and on the Creditor's Matrix as 200 Renaissance Court, Detroit, MI 48243.  However, this is not where the Motion to Redeem was served.  Instead, the Debtor used the address on the Certificate of Title to the vehicle.  The Court thinks it patently unreasonable for the Debtor to simply pick out its own value of the vehicle without

any documentation or support and have an Order entered that was not served on the Creditor at the address listed in the Petition. For this reason, under the facts presented, it is reasonable to set aside the Order granting the redemption and schedule the Creditor's Objection to the Motion to Redeem for a separate hearing and have the matter determined on its merits.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order granting Creditor Ally Bank's Motion to Set Aside the Order granting Debtor's Motion to Redeem. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 7, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL SHAWN ELDER | ) | CASE NO.: 18-11222(1)(7) |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Set Aside Order Granting Motion to Redeem filed by Creditor Ally Bank, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Order dated February 14, 2019, granting the Motion to Redeem of Debtor Michael Shawn Elder, be and hereby is, vacated. A hearing on Creditor Ally Bank's Objection to the Debtor's Motion to Redeem will be set for hearing by a separate Order.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 7, 2019